**UNITED STATES of America, Plaintiff,**

**v.**

**Jerry Arthur WYMER, Defendant.**

**Crim. No. 4–1233–C.**

United States District Court
S. D. Iowa,
Central Division.

March 19, 1968.

James P. Rielly, U. S. Atty., Des Moines, Iowa, for plaintiff.

Charles D. Funaro, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION

STEPHENSON, Chief Judge.

On December 5, 1967, the Grand Jury indicted the defendant, Jerry Arthur Wymer, on the charge of wilfully and knowingly failing and neglecting to comply with an order of his local selective service board to report for and submit to induction into the Armed Forces of the United States, in violation of § 462, Title 50 App., U.S.C.A. Defendant filed a motion to dismiss the indictment. Pursuant to the authority granted the Court in Fed.R.Crim.P. 12(b) (4), the Court entered an order on February 3, 1968, deferring hearing on the motion to dismiss until the time of trial on the merits. The defendant waived a jury trial in writing and requested he be tried by the Court. The Government consented thereto. The cause was tried to the Court on February 13, 1968.

Defendant registered with Local Board No. 131, Des Moines, Iowa, on December 22, 1964. Since that registration, to the present time, defendant has claimed right to a I–O classification that would exempt him from both combatant and non-combatant training and service under § 456 (j), Title 50 App., U.S.C.A., based on his religious belief as a member of Jehovah's Witnesses. On July 27, 1965, after defendant had completed high school, the Local Board classified defendant I–O pursuant to the information contained in a SSS Form 150 (Exhibit 1–b) filled out by defendant at the time of registration.

After being found physically qualified (Exhibit 1–C), the Local Board mailed defendant SSS Form 152 (Exhibit 1–D), Special Report for Class I–O Registrants. SSS Form 152 informs registrants in Class I–O that they are required to serve two years in civilian work contributing to the maintenance of the national health, safety, or interest and provides blanks for them to fill in their qualifications and preferences. The Local Board received the SSS Form 152 (Exhibit 1–D) from defendant on March 25, 1966, with the following statement written thereon:

"Since I am a Jehovahs Witness I can not work under any Armed Forces or approved civilian work."

On April 19, 1966, the Local Board reclassified defendant I–A, available for induction into the Armed Forces, and on the classification Memorandum noted "Reg. says he cannot do civilian work because he is a Jehovah's Witness."

On May 5, 1966, defendant filed a notice of appeal with the Local Board. The Local Board forwarded the file to the Appeal Board, and inserted in the file the following statement:

"TO WHOM IT MAY CONCERN

This registrant was classified I–A by the local board because the board could not understand how it could be a violation of his conscience to work in a hospital, or other alternative work that contributes to the National Health, Welfare or Safety, as claimed by registrant.

It is the opinion of the Board that Selective Service Regulations do not grant any registrant, regardless of his religion, exemption from all obligation to his country and further believe religion is used as a means of personal gain by evading military service."

The Appeal Board tentatively determined that the defendant was not entitled to a classification in either a class lower than Class I–O or in Class I–O, and transmitted the entire file to the United States Attorney for the purpose of securing an advisory recommendation from the Department of Justice. Defendant appeared before a Department of Justice hearing officer, Lee H. Guadineer, Jr., on October 28, 1966, who, after receiving evidence of defendant's claim to a I–O exemption, "recommended that the conscientious objector claim of the registrant be not sustained." Thereafter, the Department of Justice, acting by and through the Chief of its Conscientious

Objector Section, made a similar recommendation to the Appeal Board (Exhibit 1–F.) A copy of the Justice Department's recommendation and the resume of facts on which it was based were furnished the defendant and he was invited to reply by letter (Exhibit 1–G), which .he did.

On review of defendant's selective service file, the Appeal Board classified defendant I–A on September 21, 1967 (Exhibit 1–I). The file was returned to the Local Board and defendant was notified of the action of the Appeal Board. Thereafter, on October 6, 1967, the defendant was mailed an Order to Report for Induction (Exhibit 1–L). The date set for induction was November 1, 1967, and, on that date, defendant reported, but refused to submit to induction.

 The essence of defendant's motion to dismiss and motion for acquittal is that the Local Board acted arbitrarily and capriciously in reclassifying defendant into Class I–A, thereby exceeding their jurisdiction and rendering the Order to Report for Induction void. It is true that the Local Board must not act outside its jurisdiction, but the review of the actions of the Local Board in a case such as this is exceedingly narrow. The guidelines for review were laid down by the Supreme Court in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), where the Court stated:

"[T]he courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the

registrant." Id. at 122–123, 66 S.Ct. at 427.

This principle was recently enacted into law as an amendment to 50 App. U.S.C. § 460(b) (3) (1964).[1]

 The Court views the guidelines in Estep v. United States, supra, as presenting two issues for the consideration of the Court in the present case: (1) whether the Local Board acted in conformity with the regulations; and (2) whether there was a "basis in fact" for the classification given the defendant. The defendant here claimed exemption as a conscientious objector when he first registered with the Local Board, and his claim for conscientious objector status was sustained shortly thereafter by the Local Board. Defendant was retained in Class I–O from July 27, 1965, until April 19, 1966. It was then that the Local Board reopened the classification of defendant. The applicable regulation is 32 C.F.R. § 1625.2(b), which reads as follows:

"The local board may reopen and consider anew the classification of a registrant * * * (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification;"

Under the above regulation, therefore, the Local Board would have to be aware of a new fact, which, if true, would provide a "basis in fact" for a new classification in order to reopen on its own motion. The only fact not previously before the Local Board was the refusal of defendant to do civilian work, and the memorandum placed in defendant's file by the Local Board makes it clear that this was the sole basis on which they reopened his classification and reclassified him I–A.

1. Public Law 90–40, Sec. 1(8) (c), 81 Stat. 104 (1967):

"No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecu-

tion * * * Provided: That such review shall go to the question of the jurisdiction herein reserved to local boards * * * only when there is no basis in fact for the classification assigned to such registrant."

Exemption for conscientious objectors from service in the Armed Forces is a matter of legislative grace, and the burden is on the registrant to establish his right to such exemption. As to whether the registrant has carried his burden "the ultimate question [before the local board] in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form." Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955). The defendant here apparently demonstrated his sincerity to the satisfaction of the Local Board in the first instance, because they classified him I–O as requested. Therefore, the question is, did defendant's refusal to do civilian work in lieu of induction as required by law, § 456(j), 50 App., U.S.C.A. cast such doubt on his veracity or sincerity to constitute a "basis in fact" for a reopening under § 1625.2(b) and reclassification. It is clear in the case now before the Court that it does not.

As noted above, the law requires a registrant classified as a conscientious objector to do certain types of civilian work in lieu of induction, § 456 (j) Title 50 App., U.S.C.A., and the refusal to obey an order to report for civilian work carries with it criminal penalties. § 462(a), Title 50 App., U.S. C.A. Such a violation of the law is a matter to be dealt with by the courts and not by the local boards. Cf., Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967). The classification of a conscientious objector into Class I–O is not conditioned on his acceptance of civilian employment, but on the sincerity of his beliefs. The refusal of the defendant to do civilian work in this case was not inconsistent with any of his prior positions or statements, and,

therefore, could have no bearing on his veracity or sincerity. Although the Court does not wish to foreclose the possibility that under certain circumstances a registrant's refusal to do civilian work may reflect unfavorably on his sincerity, it is clear that the defendant's refusal in this case did not constitute a "basis in fact" for a reopening under § 1625.2(b). The Local Board acted outside its jurisdictional powers in reopening and reclassifying the defendant.

The prosecution, however, argues that consideration of defendant's classification by the Appeal Board cured any prejudice at the Local Board level. It is true that consideration by the Appeal Board is *de novo* and prejudice on the part of the Local Board can be cured by a fair consideration on appeal where a "basis in fact" for the classification of a registrant exists. DeRemer v. United States, 340 F.2d 713, 719 (8th Cir. 1965). The Appeal Board does not correct any procedural errors by the Local Board, but considers *de novo* only the classification of a registrant. Conceding, therefore, that the Appeal Board may, by fair consideration of a registrant's case, cure certain errors by the Local Board, it would seem anomalous to this Court to hold such was the case here where the whole proceeding was rendered void at its inception by the arbitrary reopening of defendant's classification by the Local Board. The action of the Local Board in reopening defendant's classification for the reasons stated was arbitrary and capricious, and all further proceedings pursuant thereto, including appeal, were thereby rendered void.

The Order for defendant to submit to induction was a nullity. Therefore, defendant's motion for acquittal should be and is hereby granted on the above grounds.