The UNITED STATES of America
v.
Ernest Lynn TRIMBLE.

Crim. No. 23578.

United States District Court,
E. D. Pennsylvania.

June 26, 1970.

Merna B. Marshall, Asst. U. S. Atty., for plaintiff.

Jeffry A. Mintz, Asst. Defender, Vincent J. Ziccardi, Defender, Philadelphia, for defendant.

## OPINION

HIGGINBOTHAM, District Judge.

### I.

The defendant in this criminal prosecution, Ernest Lynn Trimble, is charged with failing to perform a duty required of him by the provisions of the Selective Service Act of 1948, as amended by the Military Selective Service Act of 1967. The indictment specifically charges that Trimble failed to report for induction into the Armed Forces on June 26, 1968 in violation of 50 Appendix U.S.C.A. §§ 454 and 462.

The case was tried to the Court on a waiver of a jury trial. Extensive briefs were later filed. For reasons to be elaborated below I shall grant defendant's motion for judgment of acquittal.

The following facts clearly emerge. Trimble registered with Selective Service Local Board No. 35 in Bristol, Penn-

sylvania on his eighteenth birthday and was classified 1–A on January 13, 1965. He reported for an Armed Forces physical examination on November 1, 1965 and was found fully qualified for induction. On November 2, 1965 Trimble was sent a Dependency Questionnaire SSS Form No. 118, which he returned to the Local Board on November 8, 1965. Apparently on the basis of the information supplied by Trimble—indicating his contribution to the support of his mother and family—the Local Board classified him 3–A deferred by reason of extreme hardship to dependents on November 17, 1965.

More than fifteen months passed without any further communication between Trimble and his Local Board. Then on March 3, 1967 a new Dependency Questionnaire was mailed to Trimble. When the form was not returned, the Local Board sent Trimble a letter dated March 31, 1967 which stated in part: "If this questionnaire is not received by the next board meeting you will be classified 1–A."

Four days later, on April 4, 1967, the Local Board met and re-classified Trimble 1–A. Thereafter Trimble was sent numerous communications by his Local Board (now Local Board No. 334 after Local Board No. 35 was divided in two for administrative reasons). Finally when he did not report for induction on June 26, 1968 this prosecution was begun. I do not find it necessary to trace in detail the course of communications which took place after Trimble's re-classification on April 4, 1967, for in my view that re-classification is the critical issue in the prosecution before me and on its validity rests the outcome of this matter. So I ask: was the re-classification of Ernest Lynn Trimble on April 4, 1967 lawful and in accordance with Selective Service System regulations, 32 C.F.R. § 1600 et seq.? Or was the re-classification, as defendant maintains, arbitrary, capricious, and contrary to the regulations?

II.

When a local board has classified or re-classified a registrant, the area of review open to the District Court is a narrow one indeed. As the Supreme Court said in the leading case of Estep v. United States, 327 U.S. 114, at pp. 122–123, 66 S.Ct. 423, at p. 427, 90 L.Ed. 567 (1946): "The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." This "basis of fact" test is reiterated by the Supreme Court in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

III.

In the Selective Service System regulations, 32 C.F.R. § 1600 et seq., Part 1625 is concerned with "Reopening and Considering Anew Registrant's Classification." § 1625.1(a) teaches that "No classification is permanent." § 1625.2 explains "when registrant's classification may be reopened and considered anew." § 1625.2(b) states:

> The local *board may reopen* and consider anew the classification of a registrant upon its own motion *if such action is based upon facts not considered when the registrant was classified* which, if true, would justify a change in the registrant's classification * * *. (emphasis added)

"It is well settled that reclassification of a registrant must be based upon some fact not considered in granting the original classification which would justify a change in classification. "United States v. Pence, 410 F.2d 557, 562 (CCA 8, 1969). At the trial Palma Larson, the executive secretary of Local Board No. 35, admitted that when Trimble was re-classified 1–A the Board had not received any new information about Trimble. (Trial Notes of Testimony, p. 44) The United States Attorney likewise admits that "the Local

Board had no new facts before it when it acted on April 4, 1967." (Government's Brief, p. 5) Thus § 1625.2(b) is not applicable; nor is § 1625.3 "when registrant's classification *shall* be reopened and considered anew." (emphasis added)

■ As the Government suggests, "the action by the Local Board had to be taken under some other authority." The Government points to 32 C.F.R. § 1623.1(b) (2) which reads as follows:

"The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other written information as may be contained in his file; provided, that the Local Board shall proceed with the registrant's classification and classify him whenever * * * (2) he fails to provide the Local Board with any other information concerning his status which he is requested or required to furnish * * *

But the Government's reliance on § 1623.1(b) (2) is misplaced, for unlike Part 1625 which is concerned with "Reopening and Considering Anew Registrant's Classification" Part 1623 deals only with "Classification Procedure." And § 1623.1(b) (2)—on which the Government relies—makes specific reference to the "commencement of classification." That defendant Trimble was duly and properly *classified* is open to no dispute. His classification was thus not at issue when Local Board No. 35 re-classified him on April 4, 1967, and Part 1623 *could have no bearing on the matter.*

In no way do I mean to suggest that a registrant may with impunity refuse to supply his draft board with requested information. 32 C.F.R. § 1647(b) makes the registrant's duty clear:

"A classified registrant *shall* submit to his local board in writing all information which the local board may at any time request from him concerning his occupational, marital, family, dependency, or military status or his physical condition or his receipt of a professional degree. The registrant shall submit such information to his local board within 10 days after the date on which the local board mails him a request therefor, or within such longer period as may be fixed by the local board." (emphasis added)

At the time of Trimble's failure to return a Dependency Questionnaire the Local Board had available to it remedies embodied in the delinquency regulations, 32 C.F.R. § 1642 et seq. Under definitions found in Part 1602 of the Regulations a "delinquent" is "a person required to be registered under the selective service law who fails or neglects to perform any duty required of him under the provisions of the selective service law." (32 C.F.R. § 1602.4) In April of 1967 when Trimble's Local Board re-classified him 1–A, it had open to it an alternative and lawful means of dealing with the registrant's failure to supply requested information. Trimble could have been declared a "delinquent" in accordance with 32 C.F.R. § 1642.4. Other classification and induction consequences could lawfully have followed.[1]

But Local Board No. 35 did not make use of the remedies of the delinquency regulations; instead the Board re-classified Trimble. That he was declared a delinquent more than nine months later, on January 8, 1968 does not cure the illegality of the Board's action on April 4, 1967.

■ The uncontradicted evidence has shown that defendant Trimble's Local Board had no new facts before it when it re-classified him on April 4, 1967. The requirements of 32 C.F.R. § 1625 et seq. "Reopening and Considering Anew Registrant's Classification" were thus not met, and I must conclude that

1. In the recent case of Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) the Supreme Court of the United States held that declaring a registrant a delinquent could not be the basis for accelerating the time for his induction into the Armed Services.

there was no "basis in fact" for the Board's action in re-classifying Trimble 1–A. Indeed, Local Board No. 35 was acting contrary to its own regulations when it fashioned the remedy of re-classification for him.

In United States v. Pence, 410 F.2d 557 (CCA 8, 1969) the Court of Appeals for the Eighth Circuit reversed a conviction and directed the entry of a verdict of acquittal on the basis of a "lawless" re-classification by registrant's Local Board. The defendant had been convicted of failing to comply with an order to report for induction into the Armed Forces. The Court stated at p. 562:

"There were only three new factors which the state appeal board could have reviewed on December 9, 1967, which were not before the local board on August 9, 1967, when Pence was given his original 1–A–O classification. Two of these events occurred prior to the hearing of October 10, 1967, and therefore were also before the local board at the time it reclassified Pence 1–A. These were (1) Pence's refusal to report for his physical examination of September 25, 1967, and his stated reasons for refusing to do so, and (2) Pence's oral and written statement of October 10, before the local board. The third event which occurred after October 10, 1967, and which the state appeal board alone had before it was Pence's turning in his draft cards on October 16, 1967, and being declared delinquent in November of 1967.

*None of these incidents are in any way related to a factual change justifying a re-classification. A violation of the Selective Service laws cannot serve as a basis for a board's retaliation by depriving a selectee of a statutory exemption.*" (emphasis added)

In the same way defendant Trimble's failure to return a Dependency Questionnaire is in no way related to a factual change justifying his re-classification to 1–A. Nor can his violation of the duty imposed on him by 32 C.F.R.

§ 1641.7 serve as a basis for Local Board No. 35's retaliation by depriving Trimble of his 3–A classification and re-classifying him 1–A.

The action of Local Board No. 35 in reopening defendant's classification and re-classifying him 1–A can only be labelled arbitrary and capricious in the circumstances here present, and therefore all proceedings pursuant to that re-classification—including the order to report for induction on June 26, 1968—were rendered null and void. United States v. Wymer, 284 F.Supp. 100 (S. D.Iowa, 1968). Defendant's motion for acquittal is granted.

It need hardly be added that the judgment of acquittal which I today hand down does not in any way prevent defendant's duly authorized Local Board from requesting appropriate information from him and, if such information is not forthcoming, taking such actions as are lawful and in accordance with the Selective Service System regulations.