

James Morris Fletcher, pro se.

Floyd A. King, Sayers, King & Keener, Waynesburg, Pa., for appellees.

Before STALEY and ADAMS, Circuit Judges, and GARTH, District Judge.

Opinion of the Court

PER CURIAM:

This appeal from the dismissal of a civil rights complaint was untimely taken. It, therefore, will be dismissed.

Lloyd Hicks, Visalia, Cal., for defendant-appellant.

William R. Allen, Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before MERRILL, HUFSTEDLER and TRASK, Circuit Judges.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Britt WARREN, Defendant-Appellant.**

**No. 71–1424.**

United States Court of Appeals, Ninth Circuit.

Aug. 10, 1971.

Rehearing Denied Sept. 21, 1971.

PER CURIAM:

Appellant, Britt Warren, appeals from a conviction for a violation of 50 U.S.C. App. § 462, failure to submit to induction into the armed services.

In 1967 he registered and was classified II–S because he was in high school. He stated his belief in a Supreme Being and wrote that "God is the only being with the right to kill." In 1968 he was classified I–A, received Form 217 notifying him of his right to a personal appearance and an appeal, but did not appeal. In 1969 he was again classified I–A, received the same Form 217 and again failed to appeal. On April 9, 1969, he re-

ceived a final I–A classification after having told his local board he would not report for induction. Again, he did not appeal. He refused induction on June 17, 1969.

Appellant's contention that his conscientious objector claim was improperly rejected may not be considered. He has completely failed to invoke or exhaust his administrative remedies in a situation where they should have been pursued. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

Judgment affirmed.

Gerald **BERGSCHNEIDER**, Appellant,

v.

**Richard P. DENVER, Respondent.**

No. 71–1127.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1971.

Gerald Bergschneider in pro. per.

George J. Franscell, Asst. City Atty., Thomas B. Cummings, Deputy City Atty., Los Angeles, Cal., for respondent.

Before KOELSCH, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

The district court dismissed plaintiff's action on the ground that plaintiff's amended complaint showed on its face that suit on the claim was barred by limitations.

The purported claim is one under the Civil Rights Act and is based upon an alleged civil conspiracy entered into by defendant with several others. The statute of limitations applicable to such claim is Cal.Civ.Proc. 338, subd. 1 [Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970)], which provides that an action must be commenced within three years from the claim's accrual. This court has held in conspiracy cases that a statute of limitations starts to run on the date of the last overt act alleged to have caused the complainant injury. Lambert v. Conrad, 308 F.2d 571 (9th Cir. 1962); Hoff-