**Leroy B. ELDRIDGE, Petitioner-Appellant,**

v.

**Curtis TARR, Director, Selective Service System, and Local Board No. 47, Alameda County, California, Respondents-Appellees.**

**No. 72–1605.**

United States Court of Appeals, Ninth Circuit.

June 29, 1972.

Paul G. Sloan (argued), of Friedman & Sloan, San Francisco, Cal., for petitioner-appellant.

Frederick Tilton, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, U. S. Atty., San Francisco, Cal., for respondents-appellees.

Before BARNES and GOODWIN, Circuit Judges, and McGOVERN, District Judge.*

BARNES, Circuit Judge:

This is an appeal by the petitioner, Leroy Eldridge, and expedited by this Court, from a dismissal of his motion for an injunction to prevent his immi-

* The Honorable Walter T. McGovern, United States District Judge, Western District of Washington, Seattle, Washington, sitting by designation.

nent induction into the armed forces. Eldridge asserted that the district court had jurisdiction over this action under 28 U.S.C. §§ 1331 and 1361 and the Military Selective Service Act of 1967. Jurisdiction in this court exists pursuant to 28 U.S.C. § 1291.

On February 17, 1966, appellant was classified III–A, according to the terms of 32 C.F.R. § 1622.30(a) (dependency deferment). At that time, § 1622.30(a) provided for placement in Class III–A registrants who maintained bona fide family relationships in their home with a child or children, as did Eldridge. On April 25, 1969, appellant's local board mailed an SSS Form 127—a Current Information Questionnaire—to his last mailing address. However, appellant had moved and left no forwarding address, so the form was returned to the board. On October 20, 1969, on the basis of the appellant's failure to inform the board of his current status, appellant was reclassified I–A. Eldridge did not appeal the classification.

Appellant was ordered to report for a physical examination on November 10, 1969. He did not respond to this order. He was ordered to report for induction on November 25, 1970. He again failed to report. (There is no indication in the record whether or not appellant ever received his I–A classification or these two orders.) He was ordered to report for induction on February 22, 1972. He reported, but his induction was postponed until March 14, 1972.

On March 13, 1972, appellant filed this motion in the district court for a stay of his induction. A temporary restraining order was granted. On March 23, after oral arguments, the district court dismissed the action. (C.T. p. 22)

On March 27, 1972, appellant was again mailed orders to report for induction, this time on April 10, 1972. Appellant applied for an injunction pending his appeal. A Judge of this Court entered a stay of the induction on April 6, 1972, which was extended by a panel of this Court on April 18, for the duration of the appeal.

Eldridge claims that his orders to report for induction are invalid in that he was classified I–A in violation of the Selective Service Regulations. He relies upon United States v. Trimble, 314 F. Supp. 186 (E.D.Pa.1970), in arguing that his local board improperly *reopened* his classification when it placed him in Class I–A. The appellant contends that a local board may *reopen* and consider anew a registrant's classification only pursuant to 32 C.F.R. § 1625. Subsection 1625.2(b), which applies to appellant's case, provides that a local board may only reopen a classification ". . . upon its own motion if such action is based upon facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; . . ." Eldridge asserts that no new information was before the board which would permit it to reopen his classification.

The Government responds that the act of the local board in reclassifying appellant was proper under § 1625.2(b), as the lack of current information constituted a *fact* "not considered when the registrant was classified" which allowed the board to reopen Eldridge's classification. Alternatively, the Government argues that under 32 C.F.R. § 1623.1(b) the local board had authority to reclassify Eldridge I–A as no current information as to his status was contained in his file.[1] Appellant disagrees with this

---

[1]. 32 C.F.R. § 1623.1 provides in part:
"(b) The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other written information as may be contained in his file; provided, that the local board shall proceed with the registrant's classifica-

tion and classify him whenever . . (2) he fails to provide the local board with any other information concerning his status which he is requested or required to furnish. . . . None of the provisions of this section shall impair the power of the local board . . *in the absence of any other information,*

argument, asserting that § 1623.1(b) applies only to a registrant's classification process, but does not give the board any authority to *reopen* an existing classification.

The Government raises two additional objections to Eldridge's claim for pre-induction review of his case. First, the Government contends that pre-induction review of the appellant's classification is barred by § 10(b) (3) of the Military Selective Service Act. Second, the Government argues that this action should be dismissed due to the failure of the appellant to exhaust his administrative remedies.

We conclude that the appellant has not yet exhausted his administrative remedies, though not for the reasons advanced by the Government. On this basis, we affirm the district court's dismissal of this action, and do not reach the issues raised by the parties.

Our conclusion in this case is guided by McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). In *McKart*, the Supreme Court dealt with the question of when the doctrine of exhaustion of administrative remedies should be applied to Selective Service cases. The Court decided that a registrant does not lose his right to challenge his classification when the dispute involves legal, not factual, matters, where the failure to present the issue to the appeal board does not hamper judicial review. It may be that Eldridge's claim that 32 C.F.R. § 1625.2(b) barred the reopening of his classification comes within the exception to the doctrine of exhaustion of administrative remedies created by *McKart*.

■■■ We do not reach this question, as in *McKart*, the registrant was appealing from his conviction for refusing to

submit to induction. In the case of Eldridge, we are faced with a suit for pre-induction review of his classification. The Supreme Court recognized that different standards for exhaustion of administrative remedies may apply to cases of pre-induction review than apply to appeals from convictions. The Court stated in *McKart:*

"There is simply no overwhelming need for the court to have the agency finally resolve this question in the first instance, *at least not where the administrative process is at an end and the registrant is faced with criminal prosecution.*" 395 U.S. at 199, 89 S.Ct. at 1665 (emphasis added; footnotes omitted).

As the court noted elsewhere in *McKart*, the administrative process of the Selective Service System *does not end until the registrant either accepts or rejects the call for induction.*[2]

For Eldridge, who failed to present his claim initially to a Selective Service appeal board by not appealing his I–A classification, the administrative process has not yet come to a close. We contrast his situation with the cases of Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), in which the Supreme Court granted pre-induction review of classifications. Both registrants in those cases had appealed their I–A classifications, and any possible administrative remedy had been shown to be futile.

■■■ This court realizes that at this late date, it is unlikely that the appellant will have an opportunity to present his claim to an appeal board.[3] However, at

---

*when the registrant has failed to furnish such information within the time prescribed, to classify the registrant as available for military service."* (Emphasis added.)

2. "The next, and last, step is to report to the induction center and submit to in-

duction. At this point, the administrative process is at an end." McKart v. United States, 395 U.S. at 196, 89 S.Ct. at 1663.

3. Appellant's Selective Service file, however, was not introduced into evidence in the district court. We have no indica-

least until the time actually comes for the appellant to submit to induction, the possibility of relief from within the Selective Service process remains. Eldridge's effort to resort to the courts at this point is premature. *Compare* McKart v. United States, 395 U.S. at 196–197, 89 S.Ct. 1657, *with* McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971), and Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969).

In McKart v. United States, *supra*, the Supreme Court chose not to require that a registrant always exhaust his administrative remedies before being allowed to challenge his classification in the courts because the Supreme Court felt that the severe burden the doctrine of exhaustion placed upon a registrant was not always outweighed by a compelling governmental interest. 395 U.S. at 197, 89 S.Ct. 1657. In a case involving pre-induction review of a classification, the burden on the registrant is not as severe, and the government's interest in maintaining the integrity of its administrative process, which has not yet finally ended, is more compelling. When these factors are coupled with the Congressional disapproval of pre-induction review manifested in § 10(b) (3) of the Military Selective Service Act, we conclude that a stiffer standard of exhaustion of administrative remedies should apply in cases of pre-induction review than applies in cases involving criminal prosecutions.

As Eldridge failed to appeal his I–A classification, the administrative process will not be final for him at least until the time comes for him to submit to induction. We hold, therefore, that under the reasoning of *McKart*, the appellant has not yet exhausted his administrative remedies.

The district court's dismissal of this action is affirmed. This court's two orders, filed April 6, 1972, and April 18, 1972, made by Judge Koelsch and by Judges Merrill and Trask, enjoining Eldridge's induction into the armed forces, are each severally dissolved with the filing of this opinion.

---

tion that Eldridge has ever directly presented his challenge to his local board, or even that he has supplied the board with current information.