**UNITED STATES of America,**
**Appellee,**

v.

**Eugene P. McBRIDE, Appellant.**

**No. 72–1188.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 25, 1972.

Rehearing Denied Nov. 14, 1972.

Alan W. Weinblatt, St. Paul, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U. S. Atty., Robert G. Renner, U. S. Atty. for the District of Minnesota, Minneapolis, Minn., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* District Judge.

---

* Eastern District of Michigan, sitting by designation.

PER CURIAM.

Appeal by Eugene McBride from a conviction for violation of 50 U.S.C. App. § 462, failure to submit to induction into the armed services.

Defendant was originally classified 1-A on February 13, 1968. Following the return of his Selective Service Registration Certificate and Notice of Classification he was declared delinquent and ordered to report for induction on February 5, 1969. Defendant, being out of the country, the order to report was postponed indefinitely on January 31, 1969. On February 10 defendant had a personal interview with the local board, advised them that he planned to attend college, and that he was a conscientious objector. He also filled out Form 150, a special form for conscientious objectors, which was received by the board on March 3, 1969.

We need not set forth in detail the various steps subsequently taken by the defendant and the local board. The District Court found that the board had given consideration to the contents of defendant's file on March 10, 1969, October 27, 1969, April 14, 1970, and July 20, 1970. Defendant stresses to us, as to the District Court, his cooperation with the Selective Service System but evidence of lack of cooperation is found in such items in the registrant's file as that "Mr. McBride disassociates himself from the Selective Service System," that the board should not "count him in (our) quota because he wasn't going," and "I am repeating my previous act of mailing my draft cards back." Nevertheless, as his counsel points out, he did seek and attend personal interviews with the board and took other steps evidencing what he argues is "an intent to work within the Selective Service System as much as he was able." At the time of the last-mentioned meeting on July 20, 1970, defendant's classification was reopened and he was classified 1-A. At this time his conscientious objector form was in his file but no reasons were given for the reclassification. Defendant took no appeal from this action, but, after reporting as ordered on September 14, 1970, refused induction.

■ Conscientious objector claims, requiring, as they do, an appraisal of the sincerity of the beliefs asserted, and of underlying issues of fact, are peculiarly susceptible to and demanding of local board determination. The Congress has committed these matters to the local and appeal boards of the Selective Service System, and it is to them that claims for redress should be addressed. Not only do premature appeals to the courts exacerbate an already critical appeals burden, but they tend to involve the courts in unauthorized encroachment into the Executive area. Since the appeal boards themselves are empowered to make a *de novo* classification,[1] as would a local board, the by-passing of such boards presents the courts with a registrant who "has sidestepped a corrective process which might have cured or rendered moot the very defect later complained of in court,"[2] which considerations are particularly applicable to the case at bar.

The relaxation of the rule found in McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) is not applicable to the case at bar. The *McKart* case involved a question of statutory interpretation merely, the claim of exemption there arising with reference to the sole surviving son of a father who had been killed while serving in the armed forces of the United States. Nor has there been presented a showing of such exceptional circumstances as would warrant a relaxation of the rule on other grounds argued by defendant.

■ It is clear that the situation required an exhaustion of administrative remedies, failing which the defendant is precluded from asserting his claimed

---

1. 32 C.F.R. 1626.26.

2. McGee v. United States, 402 U.S. 479, 483, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971).

defenses. There has been no lack of due process. The case is governed by McGee v. United States, *supra*, which it closely parallels. See, also, United States v. Warren, 446 F.2d 568 (9th Cir. 1971), United States v. Baray, 445 F.2d 949 (9th Cir. 1971), and United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971).

Conviction affirmed.