UNITED STATES of America,
Appellee,

v.

Lynell A. JOHNSON,
Appellant.

No. 72-1445.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 7, 1972.

Decided Feb. 5, 1973.

Duane R. Breitling, West Fargo, N. D., for appellant.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Defendant Lynell A. Johnson appeals a conviction for violation of 50 U.S.C. App. § 462, failure to comply with an order of his Local Board to report for induction into the armed services.

Defendant was originally classified I-A on January 22, 1970. On November 9, 1970, defendant was ordered to report on November 23, 1970 for induction into the armed services. On the latter date defendant's local board received SSS Form 109 from the Area Vocational-Technical Institute, Detroit Lakes, Minnesota, which advised the board that defendant was ". . . enrolled in Auto Body which is an eleven month program beginning on August 31, 1970, and terminating on or about July 30, 1971." Upon receipt thereof, defendant's induction order was cancelled. On March 26, 1971, defendant was classified II-A [1] to October 1, 1971. On

---

1. 32 C.F.R. § 1622.22(b) (1971). In Class II-A shall be placed any registrant satisfactorily pursuing an approved full-time course of instruction not leading to a baccalaureate degree in a junior college, community college or technical school, or engaged in an approved apprentice training program, such deferment to continue until such registrant fails to pursue satisfactorily such full-time course of instruction or training, or until the expiration of the period of time normally required to complete such course of full-time instruction or training. [E.O. 11527, 35 F.R. 6571, Apr. 24, 1970]

June 14, 1971, a Current Information Questionnaire (SSS Form 127) was mailed to defendant. Defendant failed to return the completed form, as required by law. On July 22, 1971, defendant was reclassified I-A, which classification was never appealed.

By letter dated October 13, 1971, defendant was ordered to report for induction November 15, 1971. Under the same October date, defendant was again sent a Current Information Questionnaire giving him a second opportunity to inform his local board relative to his current status. As before, defendant ignored the information request.

On November 5, 1971, defendant appeared at the local board and advised in writing that "I will be available for non-military service such as hospital work." (SSS Form 119). Defendant was then given information in connection with conscientious objector claims initiated subsequent to issuance of an induction order. Defendant failed to report for induction and no explanation was ever given.

Defendant waived a jury and the case was tried to the Court on May 30, 1972. On June 9, 1972 the Court entered its memorandum of decision finding the defendant guilty as charged in the indictment. Pursuant to 18 U.S.C. § 4208(a)(2), defendant was sentenced to two years imprisonment dated July 11, 1972. Upon defendant's motion, the trial court ordered that defendant's sentence be stayed pending the disposition of this appeal.

Defendant raises only one question for our determination: Whether there was a basis in fact for his I-A classification.

The trial court held that information in the board's file, which the board was required to act upon, formed a sufficient basis for defendant's I-A classification. Specifically, the board's file showed that the technical program would terminate by the end of July, 1971, and that defendant ignored the board's request to furnish current status information.

■ Initially defendant claims that failing to return a Current Information Questionnaire forms no basis for reclassification. More particularly, 32 C.F.R. § 1623.1(b) (1971), provides that a registrant shall be classified whenever he fails to provide his local board with information concerning his status which he is requested to furnish and that such classification shall be based upon official Selective Service forms and such other information which appear in the registrant's file. Defendant's criticism of the local board's approach hinges upon the use of the word "classify" in the instant regulation, i. e., that the regulation is applicable only to original classifications, not reclassifications.

Defendant emphasizes United States v. Trimble, 314 F.Supp. 186 (E.D.Pa. 1970) as drawing the proper distinction between classification and reclassification as applied to § 1623.1(b). Defendant's emphasis is misplaced. *Trimble,* involved a III-A dependency deferment changed to I-A for defendant Trimble's failure to return a Dependency Questionnaire. Evidence in *Trimble* showed that no new facts were before the local board to indicate that the registrant's hardship status had terminated. Here, however, the local board knew that defendant's status was subject to expire within a few days in the absence of information to the contrary ". . . on or about July 30, 1971." [2] Furthermore, the proper remedies deemed applicable to "reclassification" in *Trimble* were delinquency procedures then embodied in the regulations, but since held in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), to be without statutory authorization.

Likewise, United States v. Brandt, 435 F.2d 324 (9th Cir. 1970), relied upon by defendant, is distinguishable. In *Brandt,*

2. SSS Form 109, received from Area Vocational-Technical Institute, Detroit Lakes, Minnesota, on November 23, 1970, indicating that defendant was enrolled in an eleven month technical program scheduled to end on or about July 30, 1971.

a notice of II-S classification returned to the local board in its original envelope and marked "refused" by the registrant was held not to constitute a basis for reclassification to I-A, despite the close of the school semester, for the reason that none of the statutory bases for discontinuance of a II-S classification had been met. According to statute, therefore, defendant Brandt was entitled to retain his deferment as a matter of law in the absence of new facts before the board to justify forfeiture of his II-S status.

32 C.F.R. § 1622.21(a) (1971) requires the board to reopen and consider anew any status changes during the period of any Class II deferment. 32 C.F.R. § 1625.11 (1971) requires that when a classification is reopened, the board will consider new information before it and "classify the registrant in the same manner as if he had never before been classified." Taken in connection with 32 C.F.R. 1623.1(b) (1971), *supra*, defendant's I-A classification is clearly justifiable. The file before the local board revealed that defendant's technical training was to terminate on or about July 30, 1971. Prior to the local board's July 22, 1971 meeting, defendant chose to ignore the board's information request (SSS Form 127). Defendant was then reclassified eight days prior to the date his course of study was to end. Defendant was again afforded an opportunity to complete and return a Current Information Questionnaire sent to him on October 13, 1971; nevertheless, defendant again failed to return the completed form. Since the local board heard nothing from defendant, they had the right to assume their information file was correct—that defendant would no longer be enrolled in the technical program after July 30, 1972, and that pursuant to 32 C.F.R. §§ 1622.21, 1622.22(b), 1623.1(b) and 1625.11 (1971) defendant was subject to classification I-A.

 We note finally that defendant has failed to exhaust his administrative remedies. This is not a proper case for relaxation of the exhaustion doctrine.

McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States v. McBride, 468 F.2d 567 (8th Cir., decided October 25, 1972); *cf.* United States v. Bender, 469 F.2d 235 (8th Cir., decided November 8, 1972).

The decision of the trial court is hereby affirmed.