# DAVIS v. ADAMS, SECRETARY OF STATE OF FLORIDA

Decided August 5, 1970*

See: 238 So. 2d 415.

MR. JUSTICE BLACK, Circuit Justice.

The State of Florida has enacted a law that requires the incumbent of a state elective office to resign before he can become a candidate for another office. Fla. Laws 1970, c. 70–80. The validity of this enactment is challenged because the Florida Secretary of State has applied it to bar the candidacies for the United States House of Representatives of William E. Davis, currently sheriff of Escambia County, Florida, and James J. Ward, Jr., currently mayor of the city of Plantation, Florida. The Supreme Court of Florida has upheld the actions of the Secretary of State.[1] On the other hand, a three-judge federal district court in the Northern District of Florida has invalidated Florida's law as applied to another sheriff seeking to qualify as a candidate for Congress.[2] Ulti-

---

*Together with Ward v. Adams, Secretary of State of Florida, also on application for stay.

[1] Florida ex rel. Davis v. Adams, 238 So. 2d 415 (Fla. 1970), aff'd on rehearing, id., at 418.

[2] Stack v. Adams, 315 F. Supp. 1295 (ND Fla. 1970).

mately, the question presented by these disputes is whether Florida can constitutionally add to or subtract from the qualifications established by federal law for candidates for federal office. Because the primary election in these cases will be held on September 8, 1970, however, time will not permit a final resolution of these constitutional controversies before the voters go to the polls.

I must decide, then, whether these two candidates must be permitted to run for the United States House of Representatives. The decision necessarily requires a forecast of this Court's decision on the constitutionality of the Florida statute, should the Court decide to hear these cases. On balance, I am inclined to think the Court would hold that Florida has exceeded its constitutional powers. Beyond that judgment, these applications require me to consider the possibility of injury to one of the parties should my forecast on the merits be wrong. If I were to deny these applications and the Court were later to invalidate the Florida statutes, these men would have been unconstitutionally deprived of their right to run for office. If, on the other hand, I grant relief and the Court should later sustain the Florida statute, little damage would have been done. The applicants might lose at the polls, and even if they were to be elected, Florida could challenge them as having failed to qualify. The risk of injury to the applicants from striking their names from the ballot outweighs the risk of injury to Florida from permitting them to run.

The applications for stays are granted.