**UNITED STATES of America,**
**Appellee,**

v.

**Daniel Leslie BRANDT, Appellant.**

**No. 25486.**

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1970.

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

Defendant, Daniel L. Brandt, was tried and convicted for failure to report

* Hon. Fred M. Taylor, Chief Judge, United States District Court, District of Idaho, sitting by designation.

for physical examination and refusal to submit to induction into the Armed Forces of the United States. (50 U.S.C. App. § 462) We reverse.

## I. STATEMENT OF FACTS

Defendant registered with the Selective Service on December 27, 1965. He was initially classified I–A, but appealed that decision and was reclassified II–S (Student) on November 4, 1966. On February 5, 1968, the Board classified Brandt II–S until October, 1968. The Notice of Classification form sent to defendant was returned in its original envelope marked "Refused—Daniel L. Brandt." After receiving letters from the Department of Justice and the California Headquarters of the Selective Service System disclosing that Brandt had relinquished his registration and classification cards and had expressed support and sympathy for another individual who had been indicted for violation of the Selective Service laws, the Board sent a warning to Brandt stating that it was considering declaring him to be delinquent for failure to have in his possession a registration certificate. On June 6, 1968, Brandt was classified I–A and was ordered to report for physical examination on June 12, 1968. Defendant failed to report. A second warning of possible imposition of delinquency status was sent to Brandt specifically referring to his failure to possess a notice of classification card and failure to report for physical examination. Brandt was declared delinquent on December 20, 1968, and was ordered to report for induction, as a delinquent, on January 7, 1969. He reported to the induction station on that date but refused induction.

## II. BASIS FOR CLASSIFICATION

To qualify for a II–S (Student) classification, a registrant must request deferment and be satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning (C.F.R. 1622.25). Brandt's Selective Service file reveals that he submitted a Request for Undergraduate Student Deferment on October 25, 1967. He also presented evidence to the Board showing that he was pursuing a full-time course of instruction at the University of Southern California. On these facts, after an appeal of his initial I–A classification, Brandt was given a II–S deferment which terminated June, 1967. On February 5, 1968, the Board, having been notified that Brandt was still enrolled at the University, renewed Brandt's deferment until October, 1968. At that time there was no question that Brandt was entitled to the student deferment.

Despite the fact that Brandt was entitled to a II–S classification, the Board discontinued his deferment and reclassified him I–A on June 6, 1968. The Military Selective Service Act provides three grounds upon which a II–S classification may be discontinued. They are 1) completion of the requirements for a baccalaureate degree; 2) failure to pursue satisfactorily a full-time course of instruction; or 3) attainment of the twenty-fourth anniversary of the date of birth; whichever occurs first. In reclassifying Brandt I–A the Board gave no reason for its action. Nevertheless, the district court found that Brandt's student classification ended on June 6, 1968, and that he refused his II–S classification when he returned the classification certificate to the Board. Neither of these was sufficient basis to justify reclassification.

■ June 6, 1968, the date listed on the Student Certificate from the University of Southern California as the close of the Spring semester, standing alone could have no bearing on Brandt's deferment. Selective Service regulations provide that "[i]n determining eligibility for deferment in Class II–S, a student's 'academic year' shall include the twelve month period following the beginning of his course of study." Brandt's "course of study" for his third year began September 18, 1967. Therefore, his academic year for purposes of qualifying for a II–S classification extended at

minimum until September 18, 1968. In fact, the Board did classify Brandt II–S and in doing so did state that the classification would exist until October, 1968. Because Brandt was only in his third year of a four-year program, he would not complete the requirements for his baccalaureate degree on June 6, 1968. Nor could he be considered as having failed to pursue satisfactorily a full-time course of instruction as of that date. Nor was he twenty-four years of age. Therefore, the Board and the district court had no basis for finding that Brandt's student classification ended on June 6, 1968.

■ Return of the Notice of Classification marked "Refused—Daniel L. Brandt" did not constitute a basis for reclassification. As we stated above, the statute provides three grounds, and only three, upon which a II–S classification can be terminated. There is no provision for an implied rejection of the classification by a registrant entitled thereto. This is not to state that a registrant might not specifically request revocation of his II–S status. But refusal and return of an envelope containing a Notice of Classification falls far short of a specific request for revocation of the deferment which was provided by Congress and to which Brandt was entitled.[1]

Since neither completion of the Spring semester on June 6, 1968, nor refusal of the envelope containing his Notice of Classification supported reclassification of Brandt, there was no basis for the I–A classification, and Brandt was entitled as a matter of law to a student deferment. Consequently, the Board acted in excess of its authority in this instance.

### III. COUNT ONE

■ Section 1628.11 of the Selective Service regulations provides that the Board shall mail an order to report for examination to registrants classified I–A, I–A–O, and I–O. Additionally, the Board may order for examination registrants classified other than I–A, I–A–O, or I–O, if it determines that induction may occur shortly. In this instance, the Board acted beyond its authority in classifying Brandt I–A. Brandt by law was entitled to a student deferment. Because his I–A classification was invalid and because he was entitled to a status other than I–A, I–A–O, or I–O, Brandt could only be ordered to report for examination if the Board specifically determined that Brandt's induction would occur shortly. (Section 1628.11 Selective Service Reg.) That determination was not made. Consequently, Brandt's order to report for examination was unlawful, and therefore he was not under a duty to report.[2] Brandt's conviction for failure to report is reversed.

### IV. COUNT TWO

■ Subsequent to Brandt's failure to report for pre-induction examination, the Local Board declared him delinquent, pursuant to 32 C.F.R. § 1642.13, and ordered him to report for induction as a delinquent. This regulation requiring accelerated induction of delinquents was held unlawful in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L. Ed.2d 532 (1970). Furthermore, in United States v. Thomas, 422 F.2d 1327 (9th Cir. 1970), this Court held that a presumption exists, absent a showing to the contrary, that the induction was accelerated. The government made no at-

---

1. If the Board questioned Brandt's desire to continue his student deferment it could have made inquiry to ascertain the facts of the situation. Lewis v. Secretary, Dept. of the Army, 402 F.2d 813 (9th Cir. 1968)

2. This decision does not conflict with the dictum of McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) which indicated that an invalid classification would not be a defense for failure to report for physical examination. *McKart* involved an erroneous interpretation by the Board of the statutory provision establishing deferments for sole surviving sons. Here, the statute was not misinterpreted. Rather, the Board acted in direct disregard of the clear deferment standards. A conviction resulting from disobedience of the Board's unlawful order would be an injustice.

tempt to show that Brandt was called for service in the normal course. Therefore, *Gutknecht* and *Thomas* together support reversal of Brandt's conviction for failure to submit to induction. Nevertheless, the instant case was tried prior to *Gutknecht,* and the government now requests that the case be remanded for a hearing on the issue of acceleration.

We find that the facts of this case are inappropriate for consideration of a remand for hearing. Here, Brandt's I–A classification was without basis in fact or law. He was entitled by right to a II–S deferment of which he was unlawfully deprived. His induction order based on the erroneous classification was invalid. For this reason, Brandt's conviction is reversed. In so reversing, this Court does not reach the Gutknecht claim which would provide an alternative ground for reversal. Because the reversal is not founded on *Gutknecht* there is no reason to remand for a hearing to determine the issue of acceleration.