UNITED STATES of America,
Plaintiff-Appellee,

v.

David Bruce GASCA, Defendant-
Appellant.

No. 71-1543.

United States Court of Appeals,
Ninth Circuit.

Oct. 7, 1971.

Paul Mike Goorjian (argued), San Francisco, Cal., for appellant.

Frederick Tilton, Asst. U. S. Atty., (argued), James L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and CHOY, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

Appellant stands convicted of refusal to submit to induction into the armed forces, a violation of 50 U.S.C.App. § 462. He here contends that his local board improperly refused to reopen his I–A classification for the purpose of considering his preinduction claim for a II–S deferment.

At the time the order to report for induction was entered, the board had received from appellant a statement and a letter to him from Rio Hondo Junior College, both of which gave notice that appellant had been accepted for admission with registration to take place in the future.

The question presented is whether this filing served to inform the board that appellant was "satisfactorily pursuing a full-time course of instruction" within the meaning of 32 C.F.R. § 1622.-25(d) relating to II–S deferments.

In United States v. Bray, 445 F. 2d 819 (9th Cir. 1971), we held that pursuit of a course of instruction for purposes of a I–S deferment should be deemed to commence with enrollment. We see no reason for applying any different rule as to II–S deferments.

Appellant, then, was not to the knowledge of his local board in pursuit of a course of instruction, and neither re-

---

* Honorable Charles L. Powell, Chief U. S. District Judge for the Eastern District of Washington, sitting by designation.

opening nor reclassification was required.

■ We find no merit in appellant's contention that he was prejudiced by virtue of the composition of his local board. *See* United States v. Reeb, 433 F.2d 381, 383–384 (9th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1391, 28 L.Ed.2d 654 (1971). Nor do we find persuasive appellant's assertion that the local board failed to review his claim; the board's letter to appellant informing him of its decision was sufficient on the facts of this case to satisfy any due process requirements. *See* 32 C.F.R. § 1625.4; United States v. Shermeister, 425 F.2d 1362, 1364 (7th Cir. 1970).

Affirmed.