**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Alan SCHMALL, Defendant-Appellant.**

**No. 71–1807.**

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1971.

Rehearing Denied Jan. 11, 1972.

Weick, Circuit Judge, dissented in part and filed opinion.

Phillip B. Ziegler (argued), Berkeley, Cal., for defendant-appellant.

John F. Cooney, Jr. (argued), James Bruen, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before WEICK,* BROWNING, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing induction in violation of 50 U.S.C. App. § 462. He seeks reversal on two grounds.

■ 1. The regulations provide that "A local board of three or more members shall be appointed . . .." 32 C.F.R. § 1604.52(a). It is stipulated that only two of the normal complement of three members had been appointed to appellant's local board when his claim for student deferment was rejected and he was classified I–A. Since both members joined in the action, however, appellant can suggest no prejudice. *Cf.* United States v. Gasca, 449 F.2d 1288 (9th Cir. 1971); United States v. Reeb, 433 F.2d 381, 383–84 (9th Cir. 1970).

■ 2. On August 21, 1967, appellant filed an SSS form "Request for Undergraduate Student Deferment." On January 25, 1968, the board rejected appellant's request and classified him I–A. A week later, on February 22, the board received a second "Request for Undergraduate Student Deferment" from appellant dated January 31. The board took no action on this communication. Appellant contends that the board should have treated it as a notice of appeal from the order rejecting appellant's claim for a student deferment and classifying him I–A.

The regulations provide that a notice of appeal "need not be in any particular form" and "shall be liberally construed in favor of the person filing the notice so as to permit the appeal." 32 C.F.R. § 1626.11(a). A related Operation Memorandum issued by the California head-

* Honorable Paul C. Weick, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

quarters of the Selective Service System on April 8, 1964, provides:

"If a local board receives within the time to appeal a letter from the registrant . . . expressing dissatisfaction with the classification, that letter should be regarded as a letter of appeal.

In short, any doubt whether an appeal is intended if the letter is filed within the period allowed for an appeal, should be resolved in favor of the appeal.

It is needless to point out that a registrant could successfully claim erroneous induction if an appeal taken by him is not acted upon by the appeal board."

Here the form submitted by appellant within the allotted appeal period stated, "I am pursuing a full-time course of instruction at a college . . . and do hereby request that I be granted an undergraduate student deferment in Class II–S." The local board could not reasonably take the notice at its face value as a request for student deferment and nothing more. · Obviously it was a reaction to the board's order rejecting just such a request only six days before. There was nothing to indicate that the facts upon which appellant based his claim had changed in any way. The certificate from appellant's college confirming his admission and satisfactory pursuit of a full-time course of instruction was very recent: it was dated January 3, 1968, and was received by the board January 8.

The only possible message appellant could have meant to convey by the notice was that he was dissatisfied with the board's order rejecting his claim for student deferment and classifying him I–A, and that he wished to have it reviewed. Under the Selective Service System's own policy of liberal interpretation, this should have been enough to alert the board to forward the file to the State Appeal Board.

Reversed.

WEICK, Circuit Judge (dissenting in part):

I am unable to agree that SS Form 104 (Request For Undergraduate Deferment), filed by the registrant with his Local Board, constituted a notice of appeal from his I–A classification.

The Local Board did not consider the Request as a notice of appeal and did not forward registrant's file to the Appeals Board, which it normally would have done if Schmall had only indicated that he desired to appeal. The District Judge did not regard the Request as a notice of appeal; neither would I, for it plainly is not. All that the form purported to be was a request for student deferment.

A chronology of the proceedings before the Local Board follows.

A request for an undergraduate student deferment was filed by Schmall with the Local Board on August 21, 1967, and was accompanied by a current information questionnaire indicating that Schmall at that time was enrolled at Solano College. Under date of December 8, 1967, the Board wrote to Schmall as follows:

"Your file does not contain an SSS Form No. 109 indicating that you have or will reenter college and are or will be pursuing a full-time course of instruction. Request your school to file a Form No. 109 within 30 days after the beginning of the school year."

On January 8, 1968, the Local Board received a Student Certificate (SS Form 109) from California State College at Hayward, to the effect that Schmall had entered upon and was satisfactorily pursuing a full time course of instruction in the first year class commencing 1/68 and will end on 3/68 and is expected to receive a degree 3/71. This form provided: "Submission of this form does not constitute a request for deferment."

The Board classified Schmall in I–A on January 25, 1968. The notice of classification which was sent to him was ac-

companied by a form letter signed by the Clerk of the Board, entitled "Advice of Right to Personal Appearance and Appeal", which stated:

"Enclosed is your Notice of Classification (SSS Form 110). Your right to ask for a personal appearance or an appeal within 30 days is prescribed on the reverse side of that Notice of Classification.

"Each local board has available a Government Appeal Agent to aid you with a personal appearance, an appeal, or any other procedural right. The Appeal Agent or his representative will give you legal counsel on Selective Service matters only at no charge.

"If you should desire a meeting with him, this office will arrange a time and place for such meeting upon request."

These instructions should be clear to anyone, particularly to a college student.

Instead of appealing, Schmall completed and filed on February 2, 1968, SS Form 104 (Request for Undergraduate Deferment), in which for the first time he requested deferment because of his attendance at California State College at Hayward. It is this request which Schmall contends constituted a notice of appeal.

Schmall relies on an Operation Memorandum issued by the California Selective Service state headquarters, which provides:

"If a local board receives within the time to appeal a letter from the registrant . . . expressing dissatisfaction with the classification, that letter should be regarded as a letter of appeal.

"In short, any doubt whether an appeal is intended if the letter is filed within the period allowed for an appeal, should be resolved in favor of the appeal.

"It is needless to point out that a registrant could successfully claim erroneous induction if an appeal taken by him is not acted upon by the appeal board."

I submit that this Memorandum was fully complied with by the Local Board for it never received any letter from Schmall expressing dissatisfaction with his classification. All that it received was Form 104 (Request for Undergraduate Deferment) which it could well have regarded as being made in connection with SS Form 109 filed by California State College at Hayward. The SS Form 104 previously filed by Schmall was in connection with his enrollment at Solano College. Until the Board received the second SS Form 104, there was no request for deferment based on his enrollment in California State College at Hayward.

It would appear that Schmall's contention that he was not permitted to appeal from his I–A classification was raised for the first time in his criminal trial. One would normally think that if a registrant's right to appeal were wrongfully thwarted by his Local Board, he would complain long and loud to his Local Board. Schmall never advised the Board, either when he received the order to report for induction on August 21, 1969, or at any other time, that he considered his Request for Undergraduate Deferment as a notice of appeal. He never requested the Board to forward his file to the Appeals Board.

The record does not disclose what Schmall was doing in the long interval which elapsed between the dates of his I–A classification and his order to report for induction.

In the classification of registrants, Local Boards are bound by applicable provisions of the regulations, one of which provides for the filing of a notice of appeal. 32 C.F.R. § 1626.11.

There is nothing in the regulations requiring a Local Board to treat a Request for Undergraduate Deferment form as a notice of appeal, and insofar as the Operation Memorandum of the Selective Service State Headquarters is concerned, it was literally complied with by the Local Board.

472

It should be pointed out, however, that these Operation Memoranda issued by the state headquarters constitute opinions and are advisory only. They have no legal effect and are not binding on Local Boards. United States ex rel. Lawrence v. Commanding Officer, 58 F. Supp. 933 (D.Neb.1945); Goodwin v. Rowe, 49 F.Supp. 703 (N.D.W.Va.1943); Ex parte Stewart, 47 F.Supp. 415 (S.D. Cal.1942).

I would not impose on Local Boards duties and responsibilities not contained in either the statute or the regulations.

One point further should be mentioned, which was commented upon by the District Judge. Schmall was not an illiterate; he was a college student. We ought not to indulge in a presumption that he could not read or write and did not know what he was doing.

It is clear to me that Schmall did not exhaust his administrative remedies.

I would affirm the judgment of conviction.