**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Le Roy CARDWELL,**
**Defendant-Appellant.**

**No. 72-2502.**

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1973.

G. Bernhard Fedde (argued), Portland, Ore., for defendant-appellant.

Donald H. Upjohn, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Ore., for plaintiff-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and NEILL,* District Judge.

PER CURIAM:

Following conviction for refusal to submit to induction, Cardwell has appealed, contending that the induction order was invalid. Although he gives several reasons, we conclude that one is dispositive.

Having been classified I–A on December 18, 1969, Cardwell received with the notice of classification a Selective Service System Form 217, which advised him of his right to appeal within 30 days. Within that time and on January 7, 1970, he sent to his local board (who received it on January 13, 1970) Form 104, Request for Undergraduate Student Deferment. It is stipulated that if his request should have been treated as a notice of appeal the subsequent order to report for induction was invalid.

Cardwell argues here that under United States v. Schmall, 452 F.2d 468 (9th Cir. 1971), the Board should have treated his request (Form 104) as a notice of appeal. The government responds that, at the time the form was received by the board, it did not have sufficient documentation to justify the student classification requested. Under Schmall, however, we test the request of the registrant not on the basis of his probabilities of success but whether, under the circumstances, it was intended to be an appeal.

The request was timely. Apparently Cardwell had asked for the form shortly after the notice of classification, he completed it promptly, mailed it to the local board, and it was received there well within the 30 days allowed him for an appeal.

In Schmall, the time lapse was six days. Here, it was more like three weeks, but we note that the Christmas holidays had intervened, bringing with them the usual delay in the transmission of mail.

We said in Schmall:

"The regulations provide that a notice of appeal 'need not be in any particular form' and 'shall be liberally construed in favor of the person filing the notice so as to permit the appeal.'" Schmall at 469.

We went on to say:

"The local board could not reasonably take the notice at its face value as a request for student deferment and nothing more. Obviously it was a reaction to the board's order rejecting just such a request only six days before. . . .

"The only possible message appellant could have meant to convey by the notice was that he was dissatisfied with the board's order rejecting his claim for student deferment and classifying him I–A, and that he wished to have it reviewed. Under the Selective Service System's own policy of liberal interpretation, this should have been enough to alert the board to forward the file to the State Appeal Board." Schmall at 470.

We are unable to distinguish the facts herein from those in Schmall and therefore reverse Cardwell's conviction.

* Of the Eastern District of Washington.