**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Allen Lyle HEINRICH, Defendant-
Appellant.**

**No. 71–1401.**

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1972.

Certiorari Denied March 26, 1973.
See 93 S.Ct. 1535.

Bernard G. Winsberg, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Elgin Edwards, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, BARNES, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN and WALLACE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Heinrich appeals from his conviction for failure to report for a physical examination in violation of 50 U.S.C. App. § 462. We affirm.

Heinrich registered for the draft on April 8, 1965. In October 1966 his local board granted him a III–A (hardship to dependent) deferment.

On December 12, 1967 Heinrich filed two documents with his local board. On his Dependency Questionnaire he wrote: "I am no longer supporting anyone besides myself. However I will be going back to school. I am now enrolled in Merritt J. C. in Oakland. Please reclassify me according to this new information." His Current Information Questionnaire stated: "I am now a full-time student at Merritt J. C. Oakland, Calif."

Heinrich's local board met on January 9, 1968 and classified him I–A. On January 26, 1968 the local board sent Heinrich notice of his classification and no-

tice of his rights to a personal appearance and to an appeal.

On January 30, 1968 the board received from the college a form signed by Heinrich and certified as true by the college indicating that Heinrich was pursuing a full course.

On March 8, 1968 the board ordered Heinrich to report for a physical examination on March 18, 1968. He received the notice but failed to report.

As we view this record, the crucial facts are three: (1) Heinrich was validly classified I–A on January 9, 1968;[1] (2) the student certification filed on January 30, 1968, taken in conjunction with the documents received by the Board on December 12, 1967, presented a *prima facie* claim for a II–S classification; and (3) thirty-eight days after the Board received the student certification, Heinrich was ordered to take a physical examination.

■■ These facts present a narrow issue: whether the passage of 38 days and the ordering of a physical examination were so unreasonable as to violate Heinrich's constitutional right to due process of law. We do not believe that they were.

■■ The regulations contemplate that the Board will require prompt physical examinations of all registrants classified I–A. This is pursuant to the need of the Board to know which registrants in this class are physically fit for service. The presentation of a *prima facie* claim for reclassification, by one already validly classified I–A, ought not to interfere with the reasonable efforts of the Board to acquire the information it needs.

Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), imposes on the Board a duty to reopen when a *prima facie* claim for reclassifi-

cation is presented. No doubt this duty must be performed within a reasonable time. However, we are unable to conclude that 38 days before reopening and reclassification is a delay so unreasonable as to compel the invalidation of an order to report for a physical examination directed to one already validly classified I–A.

United States v. Brandt, 435 F.2d 324 (9th Cir. 1970), is clearly distinguishable. Brandt was not validly classified I–A.

If the certificate filed on January 30 be viewed as a notice of appeal, we would not consider failure to process and to dispose completely of the appeal within 38 days a denial of due process.

Affirmed.

HUFSTEDLER, Circuit Judge, with whom Circuit Judges BROWNING, ELY, and CHOY join, dissenting:

I dissent.

Heinrich appeals from his conviction for failing to report for a physical examination in violation of 50 U.S.C. App. § 462.

Heinrich registered with the Selective Service System on April 8, 1965. He was classified 3–A (hardship deferment) until October 1967. On November 28, 1967, the local board sent Heinrich a Dependency Questionnaire and a Current Information Questionnaire. On the Dependency Questionnaire, he wrote: "I am no longer supporting anyone besides myself. However I will be going back to school. I am now enrolled in Merritt J. C. in Oakland. Please reclassify me according to this new information." On the Current Information Questionnaire he wrote: "I am now a full-time student at Merritt J. C. Oakland, Calif." Both forms were returned to the local board on December 12, 1967.[1]

---

1. This was a valid classification, since Heinrich had failed to provide authentication from the junior college that he was a full-time student. Former 32 C.F.R. § 1622.25, E.O. 11360, 32 Fed.Reg. 9790, July 4, 1967.

1. Local Board Memorandum No. 72 issued by the Selective Service System on December 17, 1962, provides that the date of mailing should be used to determine the timeliness of information sent to local boards. It is not critical in this case, but

The board classified Heinrich 1–A on January 9, 1968. On January 26, 1968, the board notified him of that classification and advised him that he had 30 days within which to appeal or to request a personal appearance. On January 30, 1968, Heinrich filed with the board a form statement signed by him and certified as true by Merritt College, indicating that he was then satisfactorily pursuing full time studies. On March 8, 1968, the board ordered Heinrich to report for a physical examination on March 18, 1968. He received the notice but he did not report. The board did not consider Heinrich's request for a 2–S classification (student deferment) until June 4, 1968, at which time it rejected his claim for reclassification because he had failed to report for his physical examination.

Section 1623.3 of the Selective Service Regulations provides that the "[p]hysical examination of registrants classified in Class 1–A, Class 1–A–0, or Class 1–0 shall be accomplished under the provisions of Part 1628 of this chapter."[2] The majority's brisk dismissal of Brandt v. United States (9th Cir. 1970) 435 F.2d 324 as "clearly distinguishable" is misguided. *Brandt* concerned a registrant classified 2–S who was reclassified 1–A and ordered to report for a physical when he refused to accept notice of his classification. This Court held that since there was no basis for Brandt's reclassification as 1–A at the time he was ordered to report for a physical, he cannot be prosecuted for failing to appear for that physical.

I cannot accept the majority's cryptic suggestion that the crucial distinction between Brandt and Heinrich's situations is the fact that Brandt's reclassification from 2–S to 1–A was invalid, while the local board's failure to reopen Heinrich's classification before ordering him for a physical is somehow a less "blatantly lawless,"[3] condonable act. I can see no reason why a registrant who has been wrongfully classified 1–A before his physical should not have to report, while one whose classification was wrongfully maintained should have to report.

Under the statute and regulations in force at the time relevant for this case, to be entitled to a 2–S classification, a registrant had to (1) request a student deferment and (2) establish to the board that he is satisfactorily pursuing full time studies. (Act of June 30, 1967, Pub.L. No. 90–40, § 6, 81 Stat. 100, 102 (former 50 U.S.C. App. § 456(h)(1), amended 1971); E.O. 11360, July 4, 1967, 32 Fed.Reg. 9790 (former 32 C.F. R. § 1622.25(a), amended 1971).) As the majority correctly points out, Heinrich's request for reclassification filed on December 12, 1967, together with the

---

in accordance with the Selective Service rules this opinion refers to documents by the date of mailing.

2. Former § 1628.11(b) (E.O. 10984, Jan. 9, 1962, 27 Fed.Reg. 193, 195–96, revoked 1971) which was in effect at the time of the board's action in this case also provided that "the local board shall mail an Order to Report for Armed Forces Physical Examination to registrants who have been classified in Class 1–A, Class 1–A–0, and Class 1–0."

Former § 1623.11(c) (E.O. 10292, Sept. 28, 1951, 16 Fed.Reg. 9843, 9854–55, revoked 1971) provided that a registrant in classifications other than 1–A, 1–A–0, and 1–0 might be ordered for a physical "if [the local board] . . . determines that his induction may shortly occur." There is nothing in this record, however, which indicates that the board made such a determination with regard to Heinrich. In fact, the secretary to the local board testified that in March 1968 the board was not ordering registrants classified 2–S for physicals.

Former § 1628.11 has since been revoked. (F.R.Doc. 71–18039, Dec. 6, 1971, 36 Fed.Reg. 23372, 23380–81.) Section 1628.6(b) now provides that local boards shall select registrants for physicals "in accordance with the instructions of the Director of Selective Service." In view of the fact that § 1623.3 remains in effect, however, this amendment of § 1628 will have no effect on *Brandt*-type defenses to prosecution for failure to report for a physical and the "instructions of the Director" are apparently intended to refer only to registrants classified 1–A, 1–A–0, or 1–0.

3. Oestereich v. Local Board No. 11 (1968) 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402.

form statement signed by him and authenticated by Merritt College filed January 30, 1968, presented a prima facie case for his reclassification as 2–S.

Mulloy v. United States (1970), 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 held that the board must reopen a registrant's classification when he presents information, not previously considered by the board, which, if true, would be sufficient to warrant reclassification. (*Accord*, Miller v. United States (9th Cir. 1967) 388 F.2d 973.) The board did not examine Heinrich's new information nor did it take any steps to reopen the classification before it ordered him to report for a physical examination on March 8, 1968. It deferred consideration of the new matter until June 4, 1968, after the proceedings on the physical were over.

The crucial question in this case is: Did the board's failure to reopen Heinrich's classification for more than 30 days after receipt of a prima facie claim for reclassification as 2–S and its ordering Heinrich to take a physical before it considered his prima facie claim amount to a denial of due process which renders his 1–A classification on March 8, 1968, improper? I think it did.

There is no fixed time, under *Mulloy*, within which a board must reopen a registrant's classification .after he has presented a prima facie case for reclassification. The board has a reasonable time to do so under all of the circumstances of the case. In the circumstances of this case, I cannot subscribe to the majority's conclusion that delay was not unreasonable and does not amount to a denial of due process.

Local boards should be required to exercise their duty to reopen a classification with at least a modest degree of efficiency. The time periods fixed by the regulations are usually as short as or shorter than 30 days. (*E. g.*, 32 C.F.R. §§ 1626.2(c), 1624.1(a) (the registrant has 30 days to appeal or request a personal appearance after notice of classification); 32 C.F.R. § 1626.14 (local boards must forward files to appeal boards within five days after the period for taking an appeal); and 32 C.F.R. § 1621.1 (the registrant need be given 30 days advance notice of induction).) One of the principal weaknesses of the pre-lottery draft was the debilitating effect upon young men of prolonged periods of uncertainty about draft status. (*See* S. Rep. No. 91–531, 91st Cong., 1st Sess. (1969), 1 U.S.Code Cong. & Ad.News, pp. 1318, 1319, 1321; President's Commission on an All-Volunteer Armed Force, The Report of the President's Commission on an All-Volunteer Armed Force 176 (1970); White House Press Release, Nov. 26, 1969, reported in S.S. L.R. Special Supp. of Nov. 26, 1969.) Keeping a registrant 1–A for an unnecessarily long time has similar undesirable consequences.

I do not suggest that the board's failure to reopen a classification within 30 days after the presentation of a prima facie case, by itself, amounts to a denial of due process. The deprivation of due process arises in this case because the board ordered Heinrich to report for a physical more than 30 days after he had presented a prima facie claim without the board's taking any action whatever on his claim. That inaction and delay, combined with the order to report for a physical and its concomitant potential for criminal liability, are the circumstances which make the board's failure to reopen a denial of due process.

In the circumstances of this case, there can be no doubt that the board's failure to reopen was prejudicial. After reopening, a local board should have a reasonable time before acting to permit an investigation of the facts underlying a prima facie claim for reclassification. To verify Heinrich's prima facie claim to a 2–S classification, all that the board had to do was to recheck with Merritt College to confirm that he was a full time student. It cannot be said with the required certainty that had the board reopened it would not have reclassified him 2–S before March 8, 1968. Because the board might thus have reclassified him had it followed the reopening regulations, the conviction should not stand.

(See Miller v. United States, *supra,* 388 F.2d at 977; *cf.* Leary v. United States (1969) 395 U.S. 6, 30–32, 89 S.Ct. 1532, 23 L.Ed.2d 57.)

An alternative due process ground upon which the conviction should be reversed is the failure of the board to treat Heinrich's statement of January 30, 1968, that he was a full time student and the accompanying authentication by Merritt College as a notice of appeal from his 1–A classification.

On January 26, 1968, the board sent Heinrich notice of his 1–A classification and advised him of his right to appeal. Section 1626.2(c) of the regulations provides that a registrant may take an appeal within 30 days after the date on which he is sent a notice of classification. Section 1626.11(a) provides that the notice of appeal "need not be in any particular form" and "shall be liberally construed in favor of the person filing the notice so as to permit the appeal":

> "Any person entitled to do so may appeal to the appeal board by filing with the local board a written notice of appeal. Such notice need not be in any particular form but must state the name of the registrant and the name and identity of the person appealing so as to show the right of appeal. The language of any such notice shall be liberally construed in favor of the person filing the notice so as to permit the appeal."[4]

If the form submitted on January 30, 1968, did nothing else, it expressed Heinrich's dissatisfaction with his 1–A classification. Under the regulations' policy of liberally allowing appeals within 30 days following notice of classification, it should have been treated as a notice of appeal.

Section 1626.13 of the regulations requires local boards to prepare a registrant's file for appeal "immediately" after receipt of a notice of appeal. Furthermore, section 1626.14 requires local boards to forward files upon which an appeal has been noticed "immediately" after the 30 days for taking an appeal has elapsed and "in no event . . . later than five days after the period for taking an appeal has elapsed." Accordingly, if the board had followed the regulations with regard to appeals, the very latest the appeal board would have had Heinrich's case before it was February 29, 1968, or nine days before Heinrich was ordered for a physical. Moreover, Selective Service appeal procedures require a de novo determination in which Heinrich may have been classified 2–S. (32 C.F.R. § 1626.26; United States v. Atherton (9th Cir. 1970) 430 F.2d 741.) The local board's failure to process Heinrich's appeal was in direct contravention of Selective Service regulations.

The regulations in effect at relevant times for this case provided that a registrant whose 1–A classification was pending on appeal could be ordered for a physical. (E.O. 10984, Jan. 9, 1962, 27 Fed.Reg. 193, 195–96 (former § 1628.-11(b) revoked 1971).) Again, however, in order for the board's inaction to be prejudicial, it need not be certain that the appeal board would have reclassified Heinrich before March 8, 1968. What is important is whether it might have acted before then. Since it might have done so, *Brandt* requires reversal. (*See* United States v. Schmall, *supra,* 452 F.2d 468; *cf.* Leary v. United States, *supra,* 395 U.S. at 32–33, 89 S.Ct. 1532.)

In the context of this case, the regulations regarding reopening and appeal

---

4. A related Operation Memorandum issued by the California headquarters of the Selective Service System on April 8, 1964, provides:

"If a local board receives within the time to appeal a letter from the registrant . . . expressing dissatisfaction with the classification, that letter should be regarded as a letter of appeal.

"In short, any doubt whether an appeal is intended if the letter is filed within the period allowed for an appeal, should be resolved in favor of the appeal."

(Quoted from United States v. Schmall (9th Cir. 1971) 452 F.2d 468, 470.)

are contradictory. On the one hand, the board must reopen when presented with a prima facie claim for reclassification. On the other hand, almost any communication forwarded to the board during the 30-day period following notice of classification should be treated as a notice of appeal. It need not be decided now which was the proper course for the board. That determination should be left to Selective Service System to be accomplished by way of an appropriate revision of the regulations. In this case, the local board neither reopened nor forwarded Heinrich's file for appeal. By *doing nothing*, it denied Heinrich due process, and he should not be convicted of not obeying an order to report for a physical.

An order to report for a physical examination is not a trifling intrusion on personal liberty which may be issued without strict compliance with regulatory norms. In a free society, whenever government compels affirmative action from citizens under a threat of possible imprisonment for five years, such compulsion should not be lightly exercised.

The case should be reversed and remanded with directions to dismiss.