**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Denver Gene RICHARDSON,**
**Defendant-Appellant.**

**No. 73–1245.**

United States Court of Appeals,
Ninth Circuit.

Sept. 18, 1973.

Terry Amdur (appeared), of Amdur, Bryson, Caplan & Morton, Marina del Rey, Cal., for defendant-appellant.

Brendan D. Lynch, Asst. U. S. Atty., (appeared), William D. Keller, U. S. Atty., Eric A. Nobles, Joel Levine, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and NIELSEN, District Judge.*

PER CURIAM:

Richardson appeals from his conviction for failure to report for a physical examination in violation of 50 U.S.C. App. § 462. Trial was to the court, which found Richardson not guilty on a second count of failure to report for induction. We affirm.

■ Appellant challenges on hearsay grounds the admissibility of a stamped entry, "Failed to Report," on the minute sheet of his Selective Service file. The entry was admissible under 28 U.S.C. § 1733(a). United States v. Hudson, 479 F.2d 251 (9th Cir. 1972); United States v. Grans, 472 F.2d 597 (9th Cir. 1972).

■ Appellant contends that a prima facie showing that his I-A classification was without basis in fact is a defense to a prosecution for failing to report for a preinduction physical examination. The law is to the contrary. In United States v. Heinrich, 470 F.2d 238 (9th Cir. 1972), the court, sitting *en banc*, held that a prima facie showing by a registrant that he is entitled to a classification other than I-A does not relieve him of the duty to report for a physical examination ordered pursuant to the existing I-A classification.

Richardson also challenges the sufficiency of the evidence to sustain his conviction. Appellant chose not to offer any evidence in his defense. Under these circumstances, with the Selective Service file entry in evidence, the proof was sufficient.

HUFSTEDLER, Circuit Judge (dissenting):

Appellant registered with his local board in 1967 and was classified I-A on

* Of the Southern District of California.

March 9, 1970. In April 1970 he submitted information which would have justified his reclassification as III-A (severe hardship). The board rejected his claim and the appellant exhausted his administrative remedies. He was thereafter ordered to report for his preinduction physical on November 2, 1970. An unsigned, stamped entry was placed in his Selective Service file, "Failed to Report." He was sent another order to report for a physical on January 28, 1971. He reported and was found acceptable. In June 1971 appellant was ordered to report for induction. Appellant was indicted for failing to report for the November 2, 1970, examination and for failing to report for induction in June 1971. The district court acquitted him of failing to report for induction, finding that there was no basis in fact for the refusal of the board to reclassify him III-A. He was convicted for failing to report for his physical, based entirely upon the anonymous entry in his file.

Appellant raises two points on appeal: (1) Under section 1628.11(c) of the Selective Service Regulations (32 C.F.R. § 1628.11(c) (1971)), effective at all times here material, appellant could not have been ordered to report for preinduction physical examination absent a finding by the board that his induction would shortly occur, and the board did not make that determination; and (2) the court erred in overruling his objection to the hearsay entry "Failed to Report" and in denying his motion for judgment of acquittal.

Section 1628.11(c)[1] provided that a registrant in classifications other than I-A, I-A-O, and I-O might be ordered for a physical "if [the local board] determines that his induction may shortly occur." The Government's case rested solely on the Selective Service file, and nothing in the file suggests that appellant's board made any such finding. The district court found on ample evidence that the board's denial of III-A

classification had no basis in fact. Therefore, but for the board's own error of law the appellant would have been classified III-A as of the date he was sent his notice to appear for his physical on November 2, 1970. Surely it would be anomalous to say that the board can excuse its failure to make the requisite section 1628.11(c) finding because it had erroneously maintained appellant in the I-A classification. The legality of the board's order to report for a physical should be tested by putting appellant in the position he would have been in had the board legally classified him.

As a III-A registrant, he could not have been ordered to report on November 2, 1970, and his conviction should be reversed.

The majority's reliance on United States v. Heinrich (9th Cir. 1972 en banc) 470 F.2d 238 is misplaced. In *Heinrich* the registrant had been validly classified I-A before receipt by his local board of information which presented a prima facie claim for a II-S classification. Prior to performing its duty to reopen his classification, the board ordered Heinrich to submit to a physical examination. The *Heinrich* majority declared that the "narrow issue" it was deciding was that "[t]he presentation of a *prima facie* claim for reclassification, by one already validly classified I-A," did not compel the invalidation of an order to report for a preinduction physical. (470 F.2d at 239.) The majority expressly noted that, under United States v. Brandt (9th Cir. 1970) 435 F.2d 324, a registrant erroneously classified I-A cannot be prosecuted for failure to appear for his physical. (470 F.2d at 239.) In the case at bench, appellant's request for a III-A had been improperly denied by the local board (and all administrative remedies exhausted) *before* the order for the preinduction physical was issued. Accordingly, appellant's I-A classification was invalid at the time he was ordered to report for the physical;

---

[1]. Section 1628.11(c) was revoked December 6, 1971, 36 Fed.Reg. 23372, 23380–81.

and this case is controlled by United States v. Brandt, *supra*.[2]

I recognize that we are bound by the law of this circuit expressed in United States v. Hudson (9th Cir. 1972) 479 F.2d 251. *Hudson* permitted the admission of an anonymous hearsay entry contained in a Selective Service file over objections that the entry was hearsay and that no proper foundation was laid for its receipt. Although I must follow *Hudson*, I cannot do so without expressing my view that *Hudson* is plainly wrong, not only for the reasons expressed by Judge Lumbard in dissent, but also because it conflicts with prior decisions within our circuit and with controlling Supreme Court authority.

In *Hudson*, as in the case at bench, there was no foundation whatever laid for the receipt of the challenged entry. The person who made the entry was never identified in any way in either case. Additionally, there was no showing in either case that the facts recorded were personally observed by the entrant or by the entrant's subordinates. (LaPorte v. United States (9th Cir. 1962) 300 F.2d 878, 882.) The admission of such an entry over appropriate objection is flatly contrary to our decisions in Olender v. United States (9th Cir. 1954) 210 F.2d 795 and Independent Iron Works, Inc. v. United States Steel Corp. (9th Cir. 1963) 322 F.2d 656.

The burden was on the Government to lay a foundation for the admission of the entry. If the burden were placed on a criminal defendant to prove lack of foundation, it would impermissibly shift the burden of proof. (*See* McAbee v. United States (9th Cir. 1970) 434 F.2d 361 (*semble*); Olender v. United States, *supra*, 210 F.2d at 801; *cf.* Yaich v. United States (9th Cir. 1960) 283 F.2d 613.)

Of greater moment, however, the *Hudson* rule permitting admission of the challenged hearsay entry constitutes a violation of appellant's Sixth Amendment right to confrontation and cross-examination. (*See, e. g.,* Dutton v. Evans (1970) 400 U.S. 74, 91 S.Ct. 1, 27 L.Ed.2d 213; California v. Green (1970) 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489; Barber v. Page (1968) 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255; Pointer v. Texas (1965) 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.) In *Dutton* and *Green* the Supreme Court, while refusing to detail a theory that would determine the validity of all hearsay exceptions, did set forth general guidelines for the proper application of the confrontation clause to hearsay problems, guidance which was disregarded in the *Hudson* decision.

The *Green* Court held that the right of confrontation is satisfied as long as "the declarant [of prior statements introduced at trial] is . . . subject to full and effective cross-examination." (399 U.S. at 158, 90 S.Ct. at 1934.) This standard of cross-examination, of course, seeks to assure the reliability at trial of statements previously made by witnesses. Exceptions to the hearsay rule have survived attack under the confrontation clause only when the evidence has clear "indicia of reliability." (Dutton v. Evans, *supra*, 400 U.S. at 89, 91 S.Ct. 1. *See* Mancusi v. Stubbs (1972) 408 U.S. 204, 213, 92 S.Ct. 2308, 33 L.Ed.2d 293.) Nothing about the unidentified entry made in the registrant's Selective Service file brings it within any recognized exception to *Green* and *Pointer*. (*Cf.* Smith v. Illinois (1967) 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (denial of cross-examination as to real name and address of key prosecution witness violated the Sixth Amendment).) No foun-

2. We have previously held that this view of the law does not conflict with the dictum in McKart v. United States (1969) 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, which indicated that an invalid classification would not be a defense for failure to report for physical examination, since *McKart* involved an erroneous interpretation by the board of a statutory provision rather than a disregard of clear deferment standards. (United States v. Brandt, *supra*, 435 F.2d at 326 n. 2; United States v. Hayden (9th Cir. 1971) 445 F.2d 1365, 1369–1370.)

dation existed upon which any assumption could be indulged about the reliability of the entry.

The Sixth Circuit in Phillips v. Neal (1971) 452 F.2d 337, following *Smith* and *Dutton*, has held that the identity and qualifications of authors of reports are such critical factors that introduction into evidence of an anonymous entry in hospital records violates defendant's Sixth Amendment right to confrontation. The reliability of anonymous entries in a Selective Service file is no more self-proving than an anonymous entry in a hospital record.

I would reverse.