**UNITED STATES of America,**
**Appellee,**

v.

**Henry Joseph GUTIERREZ, Appellant.**

**No. 73-1179.**

United States Court of Appeals,
Ninth Circuit.

Oct. 4, 1973.

Rehearing Denied Jan. 4, 1974.

Martha Goldin, Atty. (argued), Los Angeles, Cal., for appellant.

Dale H. Thayer, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and WALLACE, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge:

Defendant, in this selective service case, was convicted on two counts of failure to report for a preinduction physical.

While classified II–S, near the end of his senior year in college, defendant was ordered to report for a preinduction physical on March 25, 1970. He wrote the draft board that he had an important meeting to attend and failed to report for the physical. He was again ordered to report on August 26, 1970, and again failed to do so.

(1) *Allocation of Issues between Judge and Jury:*

The court held a bifurcated trial, and the only issue (relevant to this appeal) which was submitted to the jury was that of knowing failure to appear. Defendant argues that because he was clas-

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

sified II–S at all times relevant, he could only be ordered to report for a physical if the draft board found his induction was likely to soon occur. Therefore, whether or not the board made this finding should be a jury issue. In addition, it is argued that the reason he missed the physical (he had to attend a meeting) should have been a jury issue. Finally, defendant argued that a jury should decide the issue of whether or not it was regular Board practice to excuse a missed physical upon good showing by a registrant and whether the Board did so in this case.

 A registrant can only be ordered to report for a physical if he is classified either 1–A, 1–A–O, or I–O, or if the Board determines that his induction may shortly occur. United States v. Brandt, 435 F.2d 324 (9th Cir. 1970). The question of whether or not the Board made such a determination is not a jury question. The validity of the selective service classification and other procedural fairness issues are reserved to the court. Martinetto v. United States, 391 F.2d 346 (9th Cir. 1968); Reed v. United States, 205 F.2d 216 (9th Cir. 1953).

 The reasons the defendant missed the physical (i. e. he had to attend a meeting and the board therefore excused him by scheduling a later physical) were irrelevant and properly excluded. Harris v. United States, 412 F.2d 384 (9th Cir. 1969). His failure to appear on May 25, 1970, was not "excused" by the subsequent order to report on August 26, 1970. United States v. Levy, 469 F.2d 345 (9th Cir. 1972).

*(2) Jury Instructions:*

 Defendant argues that the jury should have been instructed on wilfulness and not just knowing violation of the law. The precise instruction challenged here was given in United States v. Neilson, 471 F.2d 905 (9th Cir. 1973). Although not passing directly on the contention raised by Gutierrez, we held that if there were error, it was harmless when the jury was also instructed that the defendant cannot be convicted if his failure was due to mistake, accident or some other innocent reason. Here, such an instruction was given. Therefore, even if Gutierrez is correct, the error is harmless.

*(3) Reopening of the case:*

The court properly decided that the new evidence went to the issue of whether the Board found defendant's induction would soon occur. This is an issue for the court (discussed supra). Reopening was not prejudicial to defendant. United States v. Woodring, 444 F.2d 749 (9th Cir. 1971); United States v. Glass, 421 F.2d 832 (9th Cir. 1969).

*(4) Failure to report for a physical is a criminal violation:*

 Defendant's argument that his failure was not a violation and his order did not state that he would be subject to criminal liability is rebutted by McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

*(5) Determination of imminence of induction is a ministerial act:*

 Determination that defendant's induction would soon occur, as required by United States v. Brandt, 435 F.2d 324 (9th Cir. 1970), was a ministerial act properly carried out by clerks for the Board. United States v. Stark, 418 F.2d 901 (9th Cir. 1969), cert. denied, 397 U.S. 969, 90 S.Ct. 1009, 25 L.Ed.2d 262 (1970). In addition, the local board actually made the final determination by checking the summary of information prepared from the files by the clerks and noted on the cover sheets.

Affirmed.