Ralph Kakumi **HARA**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 73–3605.

United States Court of Appeals, Ninth Circuit.

Oct. 23, 1974.

Certiorari Denied Feb. 18, 1975.
See 95 S.Ct. 1138.

William T. Richert (argued), Fresno, Cal., for defendant-appellant.

Brewster Q. Morgan, Asst. U. S. Atty. (argued), Fresno, Cal., for plaintiff-appellee.

Before MOORE,* BROWNING and CHOY, Circuit Judges.

## OPINION

MOORE, Circuit Judge:

Defendant-appellant, Ralph Kakuma Hara, was indicted on two counts of violating 50 U.S.C.App. Section 462 (Selective Service Act of 1967, § 12. Offenses and Penalties). Count I charged failure to report for induction into the armed forces, Count II failure to keep the Local Board advised of appellant's current address. The case was tried, upon consent, by the court without a jury. At the close of the case Count II was dismissed for failure of proof, the government consenting thereto. The case was then submitted to the court upon written argument. The court's decision is contained in its "Memorandum and Order." Appellant was convicted on Count I. Imposition of sentence as to imprisonment was suspended, probation for a period of five years was imposed as was a fine of $3,000 payable at the

rate of $50 per month. From the judgment of conviction, appellant appeals.

On appeal, appellant raises three points of error (1) admission of an unidentified entry in his Selective Service file of his failure to report for induction; (2) failure of the Local Board to grant appellant an interview with its Medical Advisor; and (3) failure of the Local Board to consider his student deferment status.

The facts are quite simple. Chronologically, on December 19, 1968, appellant was classified 1-A; on May 13, 1969, he received his pre-induction physical examination; on May 21, 1969, he was examined by a psychiatrist; and on June 18, 1970, he was ordered to report for induction on July 16, 1970.

The government's proof to establish the charges contained in Count I consists solely of appellant's original Selective Service file which was produced by Mrs. Magdalene Barker, Executive Secretary for some six years of Local Board #74 at Visalia, California. Mrs. Barker testified that she was the custodian of the original file and that the entries therein were made by the personnel of the Board, i.e., the staff and the Board members. The salient entry appears on page 11 under the heading "Minutes of Actions by Local Board and Appeal Board and an Appeal to the President," as follows: "JUL 24 1970 Failed to Report for Induction on 16 JULY 1970."

Appellant argues that this entry, since the entrant was unidentified and unknown, was inadmissible hearsay and, despite 28 U.S.C. § 1733(a),[1] should have been excluded as "double hearsay." This proof, appellant claims, was too vague and tenuous as a matter of law to remove reasonable doubt as to appellant's failure to report.

---

* The Honorable Leonard P. Moore, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

1. § 1733. Government records and papers; copies

(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

The district court's opinion held that the "hearsay objection to the admissibility of 'Failed to Report' being stamped in the file has been laid to rest by United States v. Richardson, 9th Cir. #73-1245 [484 F.2d 1046], which found it admissible under 28 U.S.C. 1733(a)." The Court further said that the entry "was corroborated by the fact that defendant was in court and would have been in the Army if in fact he had reported."

In *Richardson, supra,* the trial court found Richardson guilty of a failure to report for physical examination and not guilty of a failure to report for induction. The majority held that a stamped entry "Failed to Report," on the minute sheet of his Selective Service file was admissible under 28 U.S.C. § 1733(a), citing United States v. Hudson, 479 F. 2d 251 (9th Cir. 1972) and United States v. Grans, 472 F.2d 597 (9th Cir. 1972) in support thereof. Judge Hufstedler in her dissent in *Richardson, supra,* although recognizing that "*Hudson* permitted the admission of an anonymous hearsay entry contained in Selective Service file * * *,*" expressed the view that "*Hudson* is plainly wrong" both for reasons given by Judge Lumbard in his dissent therein and also because she believed that it was in conflict with decisions in this Circuit and with Supreme Court authority.

There is no doubt that the creation of a status of sanctity to "Books or records of account or minutes of proceedings of any department or agency of the United States" thereby making them "admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept." 28 U.S.C. § 1733(a), is a far cry from the days of the "shop book" rule. However, times have changed—particularly in government and in the enormous expansion of its agencies with their thousands of employees. It would be utterly impractical in most cases to attempt to identify, as has been suggested, the persons who made the entries or ascertain the information, and source

thereof, upon which the entries were based. Probably no one in any department would be able, after the expiration of a comparatively few years, to even trace the name of the entrant or the nature or the extent of his or her knowledge. But we need not confront these broader problems in this case.

As stated in 5 Wigmore on Evidence § 1635 (3d ed. 1940) there are exceptions to any personal knowledge requirement in

> cases in which the officer's duty clearly does involve ascertainment of facts occurring out of his presence and requiring his resort to sources of information other than his own senses of observation; for example, an assessor's record of the value of real estate and of its occupancy, or a registrar of voters' record of electors' residences. When such a duty clearly exists, the general doctrine above, that a witness should have personal knowledge, need not stand in the way, for (as already noted) it has its conceded limitations; and where the officer is vested with a duty to ascertain for himself by proper investigation, this duty should be sufficient to override the general principle.

*Id.* at § 1635, at 531. This exception to the "personal knowledge" rule is consistent with the fundamental theory underlying the official documents exception to the hearsay rule, that where "an official duty exists to make an accurate statement, . . . this special and weighty duty will usually suffice as a motive to incite the officer to its fulfillment. . . . It is the influence of the official duty, broadly considered, which is taken as the sufficient element of trustworthiness, justifying the acceptance of the hearsay statement." *Id.* § 1632, at 514.

The regulations that prescribe the relationship between the induction center and the local boards that feed registrants to it for induction impose official duties upon the local boards that serve to insure the reliability of the kind of

entry that is the subject of this appeal. The local board is responsible for assembling registrants for delivery to the induction center. Absences at the forwarding site are to be noted on the Delivery List, Selective Service System Form 261, which is sent to the induction center along with the registrants. 32 C.F.R. § 1632.15(a) (1974). After induction proceedings have taken place, the commanding officer of the induction center is required to return the original Form 261 to the local board, "indicating in column 4 the disposition of each registrant forwarded for induction." *Id.* § 1632.20(a)(1).

Thus the regulations impose a duty on the commanding officer of the induction center to transmit facts on Form 261 to the local board that are based either on the commanding officer's own perception or that of his subordinates. The regulations also impose a duty on the local board to file this information. This duty to report and record suggests a line of responsibility analogous to and perhaps stronger than that running from subordinate to superior, and information running along this line of responsibility should be recognized as equally reliable.

The record does not affirmatively establish Form 261 as the source of the entry in appellant's file. But even if that form was not the source of the information, it is reasonable to infer a duty on the part of the executive secretary or other staff personnel of the Local Board to verify a failure to report against the Form 261, either at the time of the entry in the registrant's file or before forwarding his file to regional or national headquarters for a decision on whether or not the registrant should be prosecuted. The "official duty . . . to make an accurate statement" in a registrant's file "will usually suffice as a motive to incite the officer to its fulfillment." *Cf.* Wigmore on Evidence § 1632, at 514. Entries made pursuant to that duty are sufficiently trustworthy to justify their admission into evidence in a case such as this.

If every entry has to be proved through the mouth of the entrant who is then to be subjected to cross-examination, then such books and records would be of value only to refresh a witness' recollection. This would not appear to be the intent of Congress in enacting section 1733.

The district court's finding that the Local Board has no reason to review appellant's medical status in view of the fact that he "was found medically qualified for induction, even after special psychiatric consultation by the Armed Forces doctors," is supported by the record as is the finding that on the facts appellant was not entitled to a II–S (student deferment) classification.

Judgment affirmed.